## LIFE INVESTORS INSURANCE COMPANY OF AMERICA, Plaintiff,

### v.

### Alfreda CHILDS and Henretta Childs, Defendants.

### No. Civ.A. 02–T–228–N.

United States District Court, M.D. Alabama, Northern Division.

May 23, 2002.

Steve R. Burford, Spain & Gillon, L.L.C., Birmingham, AL, for Life Investors Insurance Company of America.

Alfreda Childs, Montgomery, AL, for pro se.

Robert M. Seale, Livingston, AL, for Henretta Childs.

### ORDER

MYRON H. THOMPSON, District Judge.

Life Investor Insurance Company of America, an Iowa corporation whose principal place of business is in Iowa, brought this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure, interpleading defendant Alfreda Childs, a resident of Alabama, and defendant Henretta Childs, who is also a resident of Alabama. Because Life Investors' state of citizenship is diverse from that of the Childses, jurisdiction is proper under 28 U.S.C. § 1332. This case is now before the court on Life Investors' motion to discharge. For the reasons stated below, the court will grant the motion to the extent that it will discharge Life Investors from this case, but the court will deny Life Investors' request for attorney's fees.

### I.

As stated, Life Investors filed this action pursuant to Rule 22 of the Federal Rules of Civil Procedure. The underlying action seeks to resolve a dispute over the proceeds of a life insurance policy taken out by Charlie Childs, who died on November

2, 2001. After Mr. Childs died, claims to the proceeds of the life insurance policy were made by both Alfreda Childs (Mr. Childs' widow) and Henretta Childs (his sister).

Rule 22, which covers interpleader actions, does not provide for awarding costs or attorney's fees. 4 James Wm. Moore, Moore's Federal Practice, § 22.06 at 22–98 (3rd ed.2002). Federal practice, however, has followed the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover costs and attorney's fees from the stake itself. *Id.* The court's "authority to make an award is discretionary; there is no right for the stakeholder to recover costs and attorney's fees." *Id.* at 22–102. Courts "will deny an award of costs and attorney's fees to a disinterested stakeholder ... if the costs of initiating the interpleader action were part of the stakeholder's 'normal course of business.'" *Id.* at 22–103.

As the Eleventh Circuit has explained, the "principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds-disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award." *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir.1994).

II.

On February 21, 2002, Life Investors deposited $ 100,672.74 with this court, which represented the disputed benefits, plus interest, payable under Mr. Childs' life insurance policy administered by Life Investors. Life Investors subsequently made a proper motion to be discharged. Life Investors further asked to recover from the amount deposited with the court its "costs, expenses, and reasonable attorney's fees," which amounted to $ 2,138.28. Attached to the motion to discharge was the affidavit of Steve R. Burford, detailing the attorney's fee request.

The *Mandalay Shores* court noted three reasons justifying attorney's fee awards in interpleader actions. First, "an interpleader action often yields a cost-efficient resolution." 21 F.3d at 383. Here, it appears that interpleader would be cost-efficient. Second, the stakeholder must come "to the asset innocently." *Id.* Here, while Life Investors is "innocent," it has also come to the asset in the normal course of business. Third, the "fees for the stakeholder are usually quite minor." Here, the fees are over two percent of the total stake, which does not strike the court as "quite minor," but does not seem beyond reason, either. In short, none of the standard reasons for awarding attorney's fees weighs strongly in favor of Life Investors.

More importantly though, the Eleventh Circuit has instructed courts that the "normal course of business exception" can trump the three standard reasons for awarding attorney's fees, and that the normal course of business exception to awarding attorney's fees is "typically" applied to insurance companies. *Id.* Neither the discharge motion or the attached affidavit provide any explanation why Life Investors, an insurance company, would not expect this type of dispute to arise with some regularity in its course of business. There

is nothing in the record to indicate that Life Investors is anything other than an insurance company in a routine dispute over the proceeds of a life insurance policy. Given that these disputes occur "with some modicum of regularity," in the life insurance business, the Eleventh Circuit has instructed this court that Life Investors "can plan for interpleader as regular cost of business and, therefore, is undeserving of a fee award." *Id.* While there may be cases in which an interpleader plaintiff insurance company could obtain attorney's fees, there is nothing in the record here that changes the normal rule that insurance companies are not entitled to attorney's fees in interpleader case. *Id.; see also* 4 James Wm. Moore, Moore's Federal Practice, § 22.06 at 22–104 (3rd ed.2002) (discussing normal-course-of-business exception to awarding attorney's fees in interpleader actions); 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure (3rd. ed.2001) § 1719 at 679–82 (same).

### III.

For the reasons stated above, it is the ORDER, JUDGMENT, and DECREE of the court that

(1) Interpleader plaintiff Life Investor Insurance Company of America's motion to discharge, filed April 11, 2002 (Doc. no. 8), is granted to the extent that interpleader plaintiff Life Investor Insurance Company of America is discharged from all liability under the policy at issue; and

(2) The motion is denied to extent interpleader plaintiff Life Investor Insurance Company of America request attorney's fees and expenses.